UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIX RODRIGUEZ,<br>    Plaintiff, | :<br>:<br>: |
| v. | :  3:20-cv-01019 (VLB) |
| | : |
| N. McCORMICK, et al.<br>    Defendants. | :<br>: |

### ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Felix Rodriguez, who is an unsentenced inmate [1] confined at Hartford Correctional Center ("HCC") within the custody of the State of Connecticut Department of Correction ("DOC"), brought this action under 42 U.S.C. § 1983 against HCC Warden N. McCormick, Deputy Warden G. Washington, Nurse Supervisor T. Tralli, Dr. K. McCrystal, and Dr. R. Ruiz.  Second Am. Compl. [ECF No. 14].[2]

After initial review, the Court permitted Plaintiff's Fourteenth Amendment medical indifference claims to proceed against Dr. Ruiz, Dr. McCrystal, Nurse Tralli, Warden McCormick, and Deputy Warden Washington in their individual and official capacities; his Fourteenth Amendment claims based on a lack of access to showering to proceed against McCormick, Washington, and Tralli in their individual capacities; and his Fourteenth Amendment claim based on failure to implement

---

[1] **The Court may "take judicial notice of relevant matters of public record."** *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).
**The DOC website reflects that Plaintiff is unsentenced and incarcerated at HCC. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=433178.**

[2] **Plaintiff is proceeding *pro se* and *in forma pauperis*.**

safety measures to prevent the spread of COVID-19 to proceed against McCormick and Washington in their individual capacities. [Initial Review Order ("IRO") at 25 (ECF No. 24)]. Plaintiff has filed a motion for a temporary restraining order and preliminary injunction to order that that Plaintiff receive his mental health medication that has not been provided to him allegedly due to retaliation for filing this complaint. [Mot. for TRO and Prelim. Inj. (ECF No. 51)].

I. BACKGROUND

Plaintiff's second amended complaint alleges the following facts concerning his medical care.

In February 2020, HCC had not implemented safety measures to prevent inmates from getting sick despite the reports about the COVID-19 pandemic. Second Am. Compl. ¶¶ 7-12. Plaintiff allegedly wrote to Warden McCormick and Deputy Warden Washington about the lack of social distancing, mask and cleaning supplies. *Id.* ¶ 11. Plaintiff allegedly became ill, was not tested for COVID-19, and was not treated for symptoms and pain. *Id.* ¶¶ 13-19. He alleges that he was unable to see a mental health doctor or any health doctor to treat his lungs and back pain, breathing difficulties, fatigue, coughing up blood, loss of smell and taste. *Id.* ¶ 19. He alleges that Dr. McCrystal refused to investigate whether he had prediabetes and both Drs. McCrystal and Ruiz denied his request for COVID-19 testing. *Id.* ¶ 23.

On April 7, 2020, Nurse Tralli allegedly assured his brother that Plaintiff had seasonal flu. *Id.* ¶ 24. On April 8, Plaintiff later tested positive for COVID-19. *Id.*

¶ 26. After a period of quarantine with no access to showers or mental health services, Plaintiff was allegedly examined by Dr. McCrystal who confirmed that Plaintiff had a lung infection but would not provide pain medication. Id. ¶¶ 29, 30, 32.

In June 2020, Plaintiff was allegedly examined by Dr. Ruiz about his lung and back pain, but Dr. Ruiz stated there was nothing to prescribe as no vaccine for COVID-19 existed. Id. ¶ 20. In June 2020, Dr. McCrystal responded to Plaintiff's grievance but failed to order any pain medication to treat his severe pain. Id. ¶ 37.

Plaintiff alleges that Dr. Ruiz later agreed that he needed to have a Pulmonologist consultation and prescribed him a muscle relaxer, heartburn medication, and other unknown medications. Id. ¶ 51. He alleges that mental health doctors prescribed him Wellbutrin and other medications at that time. Id. ¶ 52.

Plaintiff alleges further that he was treated for respiratory issues at a hospital, referred to a Pulmonologist, and was informed by Dr. Ruiz that he was shown to be suffering from pre-diabetes, although no treatment or medication was provided. Id. ¶¶ 42, 53, 55. He complains that Dr. McCrystal denied him pain medication, although he experienced pain as of August 20, 2020. Id. ¶ 44.

Plaintiff has alleged that his inmate request forms and grievances were ignored or never received a response. Id. ¶¶ 38-39, 44, 45.

The Court's initial review noted that Nurse Tralli had allegedly denied Plaintiff testing for COVID-19 and failed to respond to his numerous inmate

requests/grievances for medical assistance (which the court assumed for purposes of initial review included his requests for mental health treatment while in 24-hour confinement). IRO at 11. Thus, the court permitted Plaintiff's claim to proceed against Nurse Tralli for recklessly failing to provide or facilitate Plaintiff's medical conditions that she should have known posed an excessive risk of harm to Plaintiff. *Id.* The Court also permitted Plaintiff's Fourteenth Amendment medical indifference claims to proceed against Dr. McCrystal and Dr. Ruiz to proceed based on their alleged failure to provide him with adequate medical treatment. *Id.* at 12-13. Finally, the court permitted Plaintiff's Fourteenth Amendment medical indifference claims to proceed against Warden McCormick and Deputy Warden Washington because Plaintiff's allegations (although sparse) were sufficient to raise an inference that they were aware of Plaintiff's inadequate medical treatment (including lack of mental health treatment) but failed to take any remedial action. *Id.* at 12.

Thereafter, on April 29, 2021, Plaintiff filed a motion for permission to file an amended complaint to add Deputy Ward Long, Correction Counselor J. Perry, Correctional Counselor Sepulveda, Nurse Parson, Nurse Browne, Health Service Administrator, Medical Supervisor Bobos for claims of sexual harassment and other undescribed Fourteenth Amendment violations. [Mot. for Permission (ECF No. 44)]. Plaintiff did not file a proposed amended complaint.

On May 25, 2021, the Court denied this motion without prejudice to filing a separate action because Plaintiff had "not explained how his proposed claims of

Fourteenth Amendment violation and sexual harassment against the eight new defendants are related to the claims of his operative complaint" and because "the addition of eight new defendants against whom plaintiff seeks to assert separate claims will not serve the interest of efficient resolution of this case and will thereby cause prejudice to the defendants."  [Order (ECF No. 48)].

On June 1, 2021, the Court returned as deficient Plaintiff's supplemental civil complaint in light of the Court's prior order denying the Motion for Permission to Amend.  [Order (ECF No. 50)].

Plaintiff's declaration in support of his pending motion for a temporary restraining order and preliminary injunction states: "As set forth in my Supplemental Complaint in this case, I was 'again' retaliated against by Nurse Nicole Carebetzo and Oleh Kusen, M.H.P., and psychiatric medication (Wellbutrin 400mg 2x daily) were stopped without notice or investigation."  [Pl.'s declar. ¶ 2 (ECF No. 51-1)].[3]

His declaration avers that Kusen wrote his diagnosis for depression and chronic anxiety, prescribed him psychiatric medications, and increased his dosage of Wellbutrin.  *Id.* ¶¶ 4-7.  He asserts that his psychiatric medication was stopped without notice or investigation by Kusen due to an informal policy at HCC to seize psychiatric medication whenever a nurse or doctor pleases without notice or investigation. *Id.* ¶ 9.  He avers that he suffers from severe depression and anxiety due to his lack of psychiatric medication and that Kusen and Medical

---

[3] **The attached medical records reflect that Kusen is an Advanced Registered Nurse Practitioner ("APRN").  Pl.'s exs. A-D (ECF No. 51-2).**

5

Administrator Burns have the responsibility to provide and arrange for psychiatric medications to inmates with mental health issues. *Id.* ¶¶ 11, 14, 16.

## II.   STANDARD OF REVIEW

Under the doctrine of *Ex parte Young,* 209 U.S. 123 (1908), a plaintiff may seek prospective injunctive relief to address an ongoing or continuing violation of federal law or a threat of a violation of federal law in the future. *See In re Deposit Ins. Agency,* 482 F.3d 612, 618 (2d Cir. 2007); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000). In determining whether *Ex Parte Young* applies, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002) (internal quotation marks and citation omitted).

A district court has wide discretion in determining whether to grant preliminary injunctive relief. *See Moore v. Consolidated Edison Co. of New York, Inc.,* 409 F.3d 506, 511 (2d Cir. 2005) (Sotomayor, J.). The same standard applies for granting a temporary restraining order and a motion for a preliminary injunction. *Stoneway Capital Corp. v. Siemens Energy Inc.*, No. 19 Civ. 11355 (GBD) (SLC), 2020 WL 764457, at *1 (S.D.N.Y. Feb. 14, 2020); *Foley v. State Elections Enforcement Comm'n,* No. 3:10-CV-01091 (SRU), 2010 WL 2836722, at *3 (D. Conn. July 16, 2010) (internal citations omitted).

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden

of persuasion." *Moore,* 409 F.3d at 510 (citation and internal quotation marks omitted); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Under this standard, a movant must establish "a threat of irreparable harm" and either (1) "a probability of success on the merits" or (2) "sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in favor of the moving party." *Moore,* 409 F.3d at 510 (internal citations omitted). To demonstrate irreparable harm, a plaintiff must show "an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of money damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995).

If the movant seeks a "mandatory preliminary injunction that alters the status quo by commanding some positive act," rather than a "prohibitory injunction seeking only to maintain the status quo" then the burden of proof is even greater. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks and citation omitted). Such a mandatory injunction "should issue only upon a *clear showing* that the moving party is entitled to the relief requested, or where *extreme* or *very serious* damage will result from a denial of preliminary relief." *Id.* (emphasis added). A party seeking a mandatory injunction must therefore demonstrate "a clear or substantial likelihood of success on the merits" and a showing of irreparable harm. *See Jolly v. Coughlin*, 76 F.3d 468, 473-474 (2d Cir. 1996).

"In the prison context, a request for injunctive relief must always be viewed

with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Federal courts can order prospective relief "in any civil action with respect to prison conditions," provided it "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a). Injunctive relief afforded by a court must be narrowly tailored or proportional to the scope of the violation and extending no further than necessary to remedy the violation. *Brown v. Plata*, 563 U.S. 493, 531 (2011). Thus, the court should reject "remedial orders that unnecessarily reach out to improve prison conditions other than those that violate the Constitution." *Id.*

II.  **DISCUSSION**

Plaintiff seeks an injunctive order requiring that his daily provision of Wellbutrin be resumed, that he be provided with an examination and plan of treatment by a qualified mental health doctor, and that the plan of treatment be implemented without interruption or retaliation. [Pl.'s declar. ¶ 2 (ECF No. 51-1)].

Plaintiff's motion for injunctive relief may be denied on several grounds.[4]

As an initial matter, to the extent Plaintiff asserts this motion for injunctive relief against Nurse Carebetzo, Nurse Parsons, APRN Kusen, and Administrator Burns (who are all not named as defendants in this action), the court lacks jurisdiction to afford the request for relief against these nonparties. Except in

---

[4] Plaintiff's motion may be denied under standards for either a prohibitory or mandatory injunction.

limited circumstances not relevant here, "a Court may not order injunctive relief as to nonparties to the action." *Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, at *3 (N.D.N.Y. Apr. 28, 1998). "[I]t is fundamental that equitable relief pursuant to Fed. R. Civ. P. 65(b) requires a complaint alleging a federally cognizable claim against the party over whom the court has personal jurisdiction and against whom equitable relief is sought." *Jones v. J.C. Penney's Dep't Stores, Inc.*, No. 03-CV-0920A(F), 2005 WL 1313442, at *2 (W.D.N.Y. May 31, 2005). *See Mitchell v. Cuomo*, No. 917CV0892, 2017 WL 8780773, at *6 (N.D.N.Y. Dec. 6, 2017) ("The Court has no power to enforce an injunction against individuals who are not parties to the lawsuit. . . . To the extent that Plaintiff seeks injunctive relief against . . . any persons who are not parties . . . the Court lacks subject matter jurisdiction to enjoin their actions.").

Further, a claim for injunctive relief may only proceed against a defendant to the extent that a defendant has the power to remedy the alleged on-going constitutional violation. *See Scozzari v. Santiago*, No. 3:19-cv-00229 (JAM), 2019 WL 1921858, at *6 (D. Conn. Apr. 29, 2019) (citing *Ex parte Young*, 209 U.S. at 157 (defendant official must have some connection with enforcement of allegedly unconstitutional act)). Thus, Plaintiff cannot proceed against individuals who do not have ability to afford him the requested relief. There is no indication that any of the named defendants in this action have any connection with the provision of mental health medication or care. The fact that Warden McCormick, who is not alleged to be a medical professional, is a supervisory official at HCC does not

n/a
n/a
n/a
n/a

render him able to provide Plaintiff's requested prescription mental health medication. In fact, Plaintiff has identified Kusen and Burns, both nondefendants, as having the responsibility and ability to arrange for Plaintiff to resume his mental health medication.

Finally, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Vega v. Lantz*, No. 3:04-cv-1215 (DFM), 2006 WL 2642416, at *2 (D. Conn. Sept. 14, 2006) (internal citations omitted); *see also Taylor v. Rowland*, No. 3:02-cv-00229 (DJS) (TPS), 2004 WL 231453, at *2–3 (D. Conn. Feb. 2, 2004) (concluding that a motion for preliminary injunctive relief was not proper because it was "unrelated to the issues in the amended complaint"). Plaintiff's motion seeks relief for a Fourteenth Amendment violation that involves different factual circumstances and different individuals than the claims proceeding in the operative second amended complaint. The Court's initial review order permitted Plaintiff's claims against Nurse Tralli and in her individual capacity based on her alleged indifference to his past requests for medical care (that may have included access to mental health care), and against Warden McCormick and Deputy Warden Washington in their individual capacities based on their conscious disregard to his past need for medical health care (including mental health treatment). IRO at 11-12. However, Plaintiff's motion for temporary restraining order and preliminary injunction concerns a wholly different Fourteenth Amendment violation arising from his mental health medication being stopped due

10

to a retaliatory animus that occurred after he filed his complaint that is outside the scope of the claims proceeding under the operative second amended complaint. Accordingly, Plaintiff cannot prevail on his motion for relief by showing that he has any likelihood to prevail on the merits of this asserted Fourteenth Amendment deprivation that is not at issue in this case. Furthermore, the relief sought for resumption of his medication and further medical treatment would not provide a remedy to any ongoing violation at issue in this case.

The Court must deny Plaintiff's motion for temporary restraining order and preliminary injunction. Plaintiff is advised, however, that he may pursue his remedies for this asserted Fourteenth indifference concerning his mental health medication by filing a separate action.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for temporary restraining order and preliminary injunction [ECF No. 51] is DENIED. This Order is without prejudice to Plaintiff filing a separate action to pursue his remedies for this asserted Fourteenth Amendment deprivation based on failure to provide him with his mental health medication.

_____/s/_____
Vanessa L. Bryant
United States District Judge

SO ORDERED at Hartford, Connecticut this 22nd day of July, 2021.